UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,

    **Plaintiff,**     Case No.  8:23-cv-02013-WFJ-AEP

v.

STRYKER CORPORATION,

    **Defendant.**
_____/

## CASE MANAGEMENT REPORT IN PATENT CASES

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT          (with Court recommended time frame) | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [no later than date of Preliminary Pretrial Conference] | 12/1/23 |
| Certificate of Interested Persons and Corporate Disclosure Statement [within 1 week of above if not already completed] | Completed |
| Motions to Add Parties or Amend Pleadings [3 months after CMR meeting] | 02/13/24 |
| Disclosure of Infringement Contentions [1 month after CMR meeting] | 12/13/23 |
| Disclosure of Non-Infringement and Invalidity Contentions [within 1 month of above] | 01/12/24 |
| Initial Identification of Disputed Claim Terms [within 1 month of above] | 02/13/24 |

| DEADLINE OR EVENT          (with Court recommended time frame) | AGREED DATE |
|---|---|
| Proposed Claim Term Constructions<br>[within 1 month of above] | 03/13/24 |
| Joint Claim Construction Statement<br>[within 2 weeks of above] | 03/27/24 |
| Technology Tutorial Conference<br>[within 2 – 4 weeks of above]<br>(if requested, insert date; otherwise, leave blank) | 04/12/24 |
| Plaintiff's Claim Construction Brief<br>[within 1 month of above] | 05/10/24 |
| Defendant's Response Brief<br>[within 1 month of above] | 06/10/24 |
| Joint Pre-Hearing Statement<br>[within 1 week of above] | 06/17/24 |
| Claim Construction Hearing<br>[within 3 weeks of above] | 07/08/24 |
| Disclosure of Intent to Rely on Advice of Counsel as a Defense; Amendment of Infringement, Non-Infringement and Invalidity Contentions; and Disclosure of Expert Reports on Issues Where the Party Bears the Burden of Proof<br>[no sooner than 3 months and no later than 5 months of above] | 11/08/24 |
| Disclosure of Rebuttal Expert Reports<br>[within 1 month of above] | 12/06/24 |
| Fact Discovery Deadline<br>[within 2 months of Amendments] | 10/25/24 |
| Expert Discovery Deadline<br> [within 1 month of above] | 02/07/25 |
| Dispositive Motions<br>[within 2 months of above and at least 4 – 5 months prior to trial] | 04/04/25 |

| DEADLINE OR EVENT             (with Court recommended time frame) | AGREED DATE |
|---|---|
| Parties' Deadline to Meet and Confer *In Person* to Prepare Joint Final Pretrial Statement<br>[10 days prior to deadline for the final pretrial statement] | 07/16/25 |
| Parties' Deadline for Filing Joint Final Pretrial Statement (*Including* Voir Dire Questions, a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (also email to chambers_FLMD_Jung@flmd.uscourts.gov), Witness Lists, Exhibit Lists with Objections on Approved Form); Trial Briefs (are not mandatory) | 08/01/25 |
| Parties' Deadline for Filing All Other Motions Including Motions *In Limine* [All requests to limit evidence shall be included in a single motion not to exceed 25 pages without leave of Court. Responses are limited to 20 pages without leave of Court. | 07/18/25 |
| Final Pretrial Conference<br>[Court will set a date approximately 3 weeks before trial] | 08/11/25 |
| Trial Term Begins [Local Rules set goal of trial within 2 years in all Track Two cases; trial term ***must not*** be less than 4 months after dispositive motions deadline (unless filing of such is waived.] | 09/01/25 |
| Estimated Length of Trial [trial days] | 7 days |
| Jury / Non-Jury | Jury |
| Mediation                                                          Deadline:<br>                                                                   Mediator<br>                                                                    Address<br>                                                                  Telephone<br>[Absent arbitration, mediation is mandatory; either 2 -3 months after CMR meeting or just after discovery deadline] | 11/6/2024<br>Manuel Menendez, Jr.<br>3225 S. MacDill Ave., Ste. 129-204, Tampa, FL 33629<br>813-245-8343 |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____ No X<br>Likely to Agree in Future _____ |

**I.      Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held by video conference on November 10, 2023 (date) at 2:30 pm (time) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Richard E. Fee | Plaintiff |
| Brent Ray & Angela Tarasi | Defendant |

**II.     Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2010, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ___ have exchanged _X_ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by 12/01/23 (date).

Below is a description of information disclosed or scheduled for disclosure.

### III. Electronic Discovery

The Court will enter a separate Order regarding electronic discovery. The parties may move to modify the Court's standard Order by separate motion within two (2) weeks of its issuance.

### IV. Agreed Discovery Plan for Plaintiffs and Defendants

#### A. Certificate of Interested Persons and Corporate Disclosure Statement

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper "including emergency motion" is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

<u> X </u> Yes   _____ No

Amended Certificate will be filed by_____(party) on or before_____date).

#### B. Discovery Not Filed

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

**C.  Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions

    The parties agree to 70 hours of deposition testimony, per side, inclusive of third-party depositions but exclusive of expert depositions.

2. Interrogatories

3. Document Requests

4. Requests to Admit

5. Supplementation of Discovery

**D.  Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

### E. Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

### F. Confidentiality Agreements

The Court will enter a separate Order regarding electronic discovery. The parties may move to modify the Court's standard Order by separate motion within two (2) weeks of its issuance.

### G. Other Matters Regarding Discovery

## VI. Settlement and Alternative Dispute Resolution.

### A. Settlement

The parties agree that settlement is _____ likely   X   unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge

_____ yes   X  no   _____ likely to request in future

### B. Arbitration

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

____ yes   _X_ no   ____ likely to agree in future

_____ Binding          _____ Non-Binding

### C. Mediation

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk and is posted on the Court=s web site at http://www.flmd.uscourts.gov.

### D. Other Alternative Dispute Resolution

The parties intend to pursue the following other methods of alternative dispute resolution:

Date: <u>November 13, 2023</u>

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

<u>/s/ Richard E. Fee</u>
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
**Fee & Jeffries, P.A.**
1227 N. Franklin Street

<u>/s/ Brent P. Ray</u>
Brent P. Ray (*admitted pro hac vice*)
**King & Spalding LLP**
110 N Wacker Dr., Suite 3800
Chicago, IL 60606
(312) 764-6925
bray@kslaw.com

Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com

*Lead Counsel for Plaintiff,
University of South Florida
Board of Trustees*

Samantha J. Kavanaugh
Florida Bar No. 0194662
**King & Spalding LLP**
Southeast Financial Center
200 S. Biscayne Boulevard, Suite 4700
Miami, FL 33131
(305) 462-6000
skavanaugh@kslaw.com

Angela Tarasi (*admitted pro hac vice*)
**King & Spalding LLP**
1401 Lawrence Street, Suite 1900
Denver, CO 80202
(720) 626-2300
atarasi@kslaw.com

Abby Parsons (*admitted pro hac vice*)
**King & Spalding LLP**
1100 Louisiana St., Suite 4100
Houston, TX 77002
(713) 751-3200
aparsons@kslaw.com

*Counsel for Defendant, Stryker Corporation*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 13, 2023, I filed a true and accurate copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Brent P. Ray (bray@kslaw.com) (admitted pro hac vice), King & Spalding LLP, 110 N Wacker Dr., Suite 3800, Chicago, IL 60606; Samantha J. Kavanaugh (skavanaugh@kslaw.com), King & Spalding LLP, Southeast Financial Center, 200 S. Biscayne Boulevard, Suite 4700, Miami, FL 33131; Angela Tarasi (atarasi@kslaw.com) (admitted pro hac vice), King & Spalding LLP, 1401 Lawrence Street, Suite 1900, Denver, CO 80202; and Abby Parsons (aparsons@kslaw.com) (admitted pro hac vice), King & Spalding LLP, 1100 Louisiana St., Suite 4100, Houston, TX 77002.

*/s/ Richard E. Fee*
Richard E. Fee